UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| KENNETH RUCKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | Madison County Circuit Court |
| | ) | Case No. 2020L001161 |
| PROTECTIVE INSURANCE COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Protective Insurance Company, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice for the Removal of the above entitled action to the United States District Court for the Southern District of Illinois, East St. Louis Division, and for grounds therefore respectfully states:

**A.     Venue is Proper in the United States District Court for the Southern District of Illinois, East St. Louis Division.**

1. The above-entitled action, now pending in the Madison County, Illinois Circuit Court, is a civil action at law brought by Plaintiff, above-named, against Defendant to recover damages.

2. The incident alleged by Plaintiff has arisen within the jurisdiction or boundaries of the United States District Court, Southern District of Illinois, East St. Louis Division.

3. Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Southern District of Illinois, East St. Louis Division, because Madison County, Illinois is within the Southern District of Illinois, East St. Louis Division.

**B.     The Procedural Requirements for Removal are Satisfied.**

4.  The Complaint, which is attached hereto as part of **Exhibit 1**, has not yet been served on Defendant, and, therefore, the time for filing this Notice of Removal under 28 U.S.C. § 1446 has not yet expired.

5.  Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Madison County Clerk of Court pursuant to 28 U.S.C. § 1446(d).

6.  A copy of all known process, pleadings and orders from the state case are attached collectively hereto as **Exhibit 1** in accordance with 28 U.S.C. § 1446(a).

**C.     There is Diversity Amongst the Parties.**

7.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2) because Defendant is not a citizen of this State, and there is complete diversity of citizenship between all parties.

8.  Upon information and belief, Plaintiff Kenneth Ruckman was at the time of the commencement of this action, and has been ever since, a citizen and resident of East Alton, Illinois.

9.  Defendant Protective Insurance Company is an Indiana corporation in good standing with its principal place of business in Carmel, Indiana, at both the time of the commencement of this action and at the time of this removal.

**D.      The Amount in Controversy Exceeds $75,000.**

10.     The matter and amount in controversy in this action, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) as required by 28 U.S.C. § 1332(a).

11.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except that* – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2)(A)(ii).

12.     Count II of Plaintiff's Complaint seeks a money judgment in excess of $75,000.00. See **Exhibit 1.** Specifically, Plaintiff's Complaint seeks damages in excess of $50,000 plus statutory damages in the amount of "$60,000.00 or 60% of the amount of the Court finds Plaintiff is entitled to because of Defendant's vexatious refusal to pay" pursuant to 215 ILCS 5/155. See **Exhibit 1.**

13.     "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *See e.g. Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

14.     Further, Plaintiff's Complaint alleges that he suffered an injury to his neck and incurred medical bills as a result of said injury. See **Exhibit 1.** Information in Defendant's

possession indicates that Plaintiff underwent a surgical procedure on his neck in 2019. Prior to filing suit, Plaintiff demanded settlement monies in excess of $75,000.00.

**E.    Supplemental Jurisdiction**

15.    Count I of Plaintiff's Complaint seeks to compel arbitration pursuant to 215 ILCS 5/143(a).

16.    This Court has supplemental jurisdiction over Count I of Plaintiff's Complaint pursuant to 28 U.S.C. §1367(a), which states, in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17.    Here, the allegations in Count I and Count II of Plaintiff's Complain are nearly identical and arise from the same contract of insurance, Policy No. IL000056. See **Exhibit 1.**

18.    In *Houskins v. Sheahan*, the Seventh Circuit found supplemental jurisdiction existed where "all claims arose out of the same facts." 549 F.3d 480, 495 (7th Cir. 2008).

**WHEREFORE**, Defendant Protective Insurance Company prays that this Honorable Court enter an Order causing said Cause No. 2020L001161 of the Madison County, Illinois Circuit Court to be removed to this Court for further proceedings, and that this Court take jurisdiction herein, and make further orders as may be just and proper.

     /s/ Kevin L. Fritz
Kevin L. Fritz      #6295633
Rodney D. Fourez    #6322520
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)

20 East Main Street
Belleville, IL  62220-1602
(618) 233-5587 – Telephone
klfritz@lashlybaer.com
rfourez@lashlybaer.com

Attorneys for Defendant Protective Insurance Company

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically with the Clerk of Court on September 11, 2020, to be served by operation of the Court's electronic filing system upon: Nathan A. Becker, Becker, Schroader & Chapman, P.C., 3673 Highway 111, P.O. Box 488, Granite City, IL 62040, nab@beckerinjurylaw.com, Attorneys for Plaintiff.

     /s/ Kevin L. Fritz