UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| KENNETH RUCKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:20-cv-00922-MAB |
| | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PROTECTIVE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT PROTECTIVE INSURANCE COMPANY'S ANSWE AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Protective Insurance Company ("Protective"), for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. All allegations of fact and conclusions of law contained in Plaintiff's Complaint are denied, except those specifically admitted herein.

### Count I

Defendant Protective, for its Answer to Count I of Plaintiff's Complaint, states as follows:

2. Defendant Protective admits that it is an insurance carrier doing business in the State of Illinois. Except as expressly admitted herein, Defendant Protective denies the remaining allegations of fact and conclusions of law contained in Paragraph 1 of Count I of Plaintiff's Complaint.

3. Defendant Protective denies each and every allegation of fact and conclusion of law contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 of Count I of Plaintiff's Complaint.

**WHEREFORE**, having fully responded to Count I of Plaintiff's Complaint, Defendant Protective prays for an order dismissing the Complaint with prejudice, awarding Defendant Protective its costs incurred herein, and for such other and further relief as this Court may deem just and proper.

## Count II

Defendant Protective, for its Answer to Count II of Plaintiff's Complaint, states as follows:

3. Defendant Protective admits that it is an insurance carrier doing business in the State of Illinois. Except as expressly admitted herein, Defendant Protective denies the remaining allegations of fact and conclusions of law contained in Paragraph 1 of Count II of Plaintiff's Complaint.

4. Defendant Protective denies each and every allegation of fact and conclusion of law contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 of Count II of Plaintiff's Complaint.

**WHEREFORE**, having fully responded to Count II of Plaintiff's Complaint, Defendant Protective prays for an order dismissing the Complaint with prejudice, awarding Defendant Protective its costs incurred herein, and for such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendant Protective, for its Affirmative Defenses to Plaintiff's Complaint, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint and while continuing to deny same, as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim against Defendant Protective upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant Protective, for its Second Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint, as follows:

1. At the time and place alleged in Plaintiff's Complaint, Plaintiff's actions were an independent, intervening, superseding, and/or sole cause of the accident alleged in Plaintiff's Complaint, for which Defendant is neither liable nor responsible.

**WHEREFORE**, Defendant prays this Court to enter judgment in favor of Defendant Protective due to Plaintiff's acts being an independent, intervening, superseding, and/or sole cause for the accident alleged in Plaintiff's Complaint or, in the alternative, for an appropriate reduction of Defendant's responsibility for the payment of damages that may be awarded to Plaintiff after a determination of the comparative fault among the parties.

**THIRD AFFIRMATIVE DEFENSE**

Defendant Protective, for its Third Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint, as follows:

1. At the time and place alleged in Plaintiff's Complaint, it was then and there the duty of Plaintiff to exercise and use ordinary care for his own safety and the safety of others.

2. Notwithstanding that duty, upon information and belief, Plaintiff was negligent in one or more of the following respects:

(a) Plaintiff failed to keep a proper lookout;

(b) Plaintiff failed to keep a careful and diligent lookout ahead, behind, laterally and failed to pay proper attention to the operation and progress of surrounding traffic;

(c) Plaintiff failed to observe what was readily observable and obvious;

(d) Plaintiff failed to stop, swerve or slack in speed and sound a warning upon the first appearance of danger;

(e) Plaintiff stopped or significantly reduced speed suddenly and without notice or warning to other motorists;

(f) Plaintiff failed to keep a careful lookout and failed to keep his vehicle under control;

(g) Plaintiff acted in a manner when he knew, or should have known, in the exercise of reasonable care, that his actions would result in the alleged collision;

(h) Plaintiff failed to activate his turn signal and/or emergency flashers before stopping his vehicle in the middle of a highway to make an illegal U-turn when it was not safe to do so;

(i) Plaintiff stopped in the middle of a highway to make an illegal U-turn when it was not safe to do so;

(j) Plaintiff failed to move his vehicle from a lane of travel on the highway when there was space in the intersection to do so; and

(k) Plaintiff acted in manner that was otherwise careless, reckless and negligent in the operation of her vehicle.

4

3. One or more of the aforesaid acts of negligence of Plaintiff were a proximate and contributing cause of the accident and/or injuries alleged in Plaintiff's Complaint, and therefore, a proximate cause of his own injuries and damages, if any.

4. In the event of an adjudication of the issues in this case, whereby Plaintiff's contributory fault is adjudged to be more than 50% of the proximate cause of the injuries for which he now seeks recovery from Defendant, Plaintiff's claims should be barred.

5. Alternatively, in the event of an adjudication of the issues in this case, whereby Plaintiff's contributory fault is adjudged 50% or less of the proximate cause of the injury or damage for which recovery is sought, Defendant requests a determination of comparative fault among Plaintiff and the uninsured motorist, and for an appropriate reduction of Defendant's responsibility for the payment of damages that may be awarded to Plaintiff.

**WHEREFORE**, Defendant Protective prays this Court to enter judgment in favor of Defendant due to Plaintiff's negligence being greater than 50% at fault for causing the accident alleged in Plaintiff's Complaint or, in the alternative, for an appropriate reduction of Defendant's responsibility for the payment of damages that may be awarded to Plaintiff after a determination of the comparative fault among Plaintiff and the uninsured motorist.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant Protective, for its Fourth Affirmative Defense, alleges upon information and belief, hypothetically and in the alternative, without admitting any of the allegations contained in Plaintiff's Complaint, that Plaintiff's damages and/or claims, if any, should be barred and/or reduced because he has failed to mitigate his alleged damages in one or more of the following respects:

(a) failing to use reasonable efforts to obtain and/or seek medical treatment and/or rehabilitation and/or employment;

(b) failing to use reasonable efforts to return to work;

(c) failing to secure timely medical attention;

(d) failing to exercise due care in obtaining medical care;

(e) acting in a manner which resulted in excessive medical treatment for her purported injuries; and/or

(f) treating pre-existing conditions.

**WHEREFORE**, Defendant Protective prays this Court to enter judgment in favor of Defendant due to Plaintiff's failure to mitigate his damages, and for further relief as the Court deems proper under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Protective, for its Fifth Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, that in the event Defendant is found liable for any of Plaintiff's claims, pursuant to 215 ILCS 5/143a(4), Defendant is entitled to a credit or setoff for any settlement, workers' compensation benefits or other award Plaintiff may obtain from any party or unnamed party who has not yet been determined, and Defendant's liability, if any, should be reduced by the amount of that credit or setoff.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Protective, for its Sixth Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, that

Defendant is not liable to Plaintiff under the terms, conditions and exclusions of the subject policy of insurance issued by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Protective, for its Seventh Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, that to the extent Plaintiff has failed to comply with the terms, conditions and/or obligations of the subject policy of insurance issued by Defendant, the claims asserted in the Complaint are barred.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Protective, for its Eighth Affirmative Defense, Defendant states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, that Plaintiff's claims are not covered by the subject policy of insurance issued by Defendant to the extent Plaintiff is not an "insured" as defined by the policy.

## NINTH AFFIRMATIVE DEFENSE

Defendant Protective, for its Ninth Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, that Plaintiff's claims are not covered by the subject policy of insurance issued by Defendant to the extent they are not "bodily injury" as defined by the policy.

## TENTH AFFIRMATIVE DEFENSE

Defendant Protective, for its Tenth Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, that Plaintiff's claims are not covered by the subject policy of insurance issued by Defendant to the extent his alleged injuries did not result from an "accident" with an "uninsured motor vehicle" as defined by the policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant Protective, for its Eleventh Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, that it continues to reserve any and all rights and defenses it has under its policy of insurance and the laws, and that it is not waiving any rights under the laws or its policy of insurance and the terms and conditions therein.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant Protective, for its Twelfth Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, that Plaintiff's request for attorneys' fees in Count I of Plaintiff's Complaint should be stricken as Plaintiff is not entitled to recover attorneys' fees for Count I under any statute or contract or between the parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant Protective, for its Thirteenth Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, that Plaintiff's claims against Defendant for bad faith/vexatious refusal to pay under 215 ILCS 5/155 fail as a matter of law because litigable questions of fact exist with regard to the claims asserted and because Defendant may insist upon a determination of those questions without being penalized.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant Protective, for its Fourteenth Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, Plaintiff's claims against Defendant for bad faith/vexatious refusal to pay under 215 ILCS 5/155

8

fail as a matter of law because open questions of law exist with regard to interpretation and application of the language of the policy of insurance issued by Defendant and because Defendant may insist upon a determination of those issues without being penalized.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Protective, for its Fifteenth Affirmative Defense, states hypothetically, in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, Plaintiff's Complaint seeks damages which are duplicative of the workers' compensation benefits he has received and such duplicative damages are barred under the law or the policy of insurance and the terms and conditions therein.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant incorporates herein by reference each and every further affirmative defense identified and/or made known through discovery.

 */s/ Kevin L. Fritz*
| | |
|---|---|
| Kevin L. Fritz | #6295633 |
| Rodney D. Fourez | #6322520 |

LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)

20 East Main Street
Belleville, IL  62220-1602
(618) 233-5587 – Telephone
klfritz@lashlybaer.com
rfourez@lashlybaer.com

*Attorneys for Defendant Protective Insurance Company*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing was filed electronically with the Clerk of Court on September 16, 2020, to be served by operation of the Court's electronic filing system upon: Nathan A. Becker, Becker, Schroader & Chapman, P.C., 3673 Highway 111, P.O. Box 488, Granite City, IL 62040, nab@beckerinjurylaw.com, Attorneys for Plaintiff.

                            */s/ Kevin L. Fritz*